UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOHN HARRIS, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. C-11-58 |
| | § | |
| COASTAL OFFSHORE, INC., | § | |
| | § | |
| Defendant. | § | |

## <u>ORDER</u>

On this day came on to be considered Defendant Coastal Offshore, Inc.'s Motion to Dismiss.  (D.E. 11.)  For the reasons state herein, Defendant's Motion to Dismiss is DENIED.

## I.      Factual and Procedural Background

Plaintiff John Harris filed this action in this Court on March 4, 2011.  (D.E. 1.) Plaintiff states that he was employed by Defendant Coastal Offshore, Inc., which operates a boat sales and service business.  He was paid a salary of $4,000 per month.  Plaintiff states that he was discharged on September 15, 2010, at which time Defendant owed him unpaid wages.  Defendant, however, allegedly refused to pay.  (D.E. 1 at 2.)  Plaintiff thus seeks to recover wages for hours he worked in August and September 2010. (D.E. 12 at 1.)  Plaintiff has previously filed complaints with the Texas Workforce Commission and U.S. Department of Labor, both of which have determined that Plaintiff is entitled to additional wages, but have declined to take any further action on his behalf.  (D.E. 12-3 at 1-4.)

Plaintiff brings a claim against Defendant under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207, for failing to pay all wages earned.  Plaintiff seeks "all of the

unpaid back wages for unpaid overtime, liquidated damages, costs, attorneys' fees, pre-judgment interest and post-judgment interest." (D.E. 1 at 3-4.)

Defendant contends that it never employed Plaintiff within the meaning of the FLSA, and rather he served as an independent contractor.  In essence, Defendant argues that it contracted with Plaintiff for consultancy services at a monthly rate of $2,000.  In early September 2010, Defendant issued Plaintiff a check paying for services he performed in part of August, and also included an advance on Plaintiff's September 2010 monthly fee (a total of $2,498.08).  Shortly after issuing this payment, Plaintiff abruptly left the company after a forklift accident.  Due to Plaintiff's departure, Defendant sought to stop payment on the September 2010 check.  Plaintiff objected, and has now filed this lawsuit to try to recoup the amounts he claims to be owed.  (D.E. 11 at 2-5.)

Defendant filed the present Motion to Dismiss on June 3, 2011, seeking dismissal pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  (D.E. 11.)  Plaintiff responded on June 10, 2011.  (D.E. 12.)

## II.    Discussion

### A.    Rule 12(b)(1) Motion to Dismiss

It is well established that, "[w]hen a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits."  Ramming v. U.S., 281 F.3d 158, 161 (5th Cir. 2001). Therefore, the Court first considers Defendant's Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction.

Defendant argues that Harris cannot recover under the FLSA because he was in fact an independent contractor for Coastal Offshore, not an employee, and he was paid a

$2,000 monthly consultancy fee pursuant to a contractual agreement. (D.E. 11 at 5-6, 16.) Defendant offers little else in the way of argument to support its motion for dismissal pursuant to Federal Rule 12(b)(1).

"It is long settled law that a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." City of Chicago v. Int'l College of Surgeons, 522 U.S. 156, 163 (1997). As the Fifth Circuit has explained, "[w]hen a federal claim appears on the face of the complaint, dismissal for lack of subject matter jurisdiction is **only proper in the case of a frivolous or insubstantial claim**, i.e., a claim which has no plausible foundation or which is clearly foreclosed by a prior Supreme Court decision. Further, when a complaint asserts a cognizable federal claim, dismissal for want of jurisdiction is **disfavored as a matter of policy**." Young v. Hosemann, 598 F.3d 184, 188 (5th Cir. 2010) (citations omitted; emphasis added). Therefore, "the pleading burden to establish federal question jurisdiction is low: only claims patently without merit . . . justify the district court's dismissal for want of jurisdiction." Id. (citing Suthoff v. Yazoo County Indus. Dev. Corp., 637 F.2d 337, 340 (5th Cir. 1981)).

This Court has federal question jurisdiction, 28 U.S.C. § 1331, over this action, as Plaintiff's cause of action arises under the FLSA, 29 U.S.C. § 207 (D.E. 1 at 2), and there is no indication that Plaintiff's claim is "frivolous or insubstantial." The Court also has jurisdiction pursuant to 29 U.S.C. § 216(b), which provides, "[a]n action to recover the liability [under Section 206 or 207] may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly

situated."  29 U.S.C. § 216(b).  Ultimately, Defendant's challenge relates to the merits of

the Plaintiff's case, not to subject matter jurisdiction, and must therefore be denied.  As

the Fifth Circuit has explained:

> Judicial economy is best promoted when the existence of a federal right is
> directly reached and, where no claim is found to exist, the case is
> dismissed on the merits. **This refusal to treat indirect attacks on the
> merits as Rule 12(b)(1) motions provides, moreover, a greater level of
> protection to the plaintiff who in truth is facing a challenge to the
> validity of his claim**: the defendant is forced to proceed under Rule
> 12(b)(6) (for failure to state a claim upon which relief can be granted) or
> Rule 56 (summary judgment) - both of which place greater restrictions on
> the district court's discretion.

Young, 598 F.3d at 188 (citing Williamson v. Tucker, 645 F.2d 404, 415-16 (5th Cir.

1981) (en banc)).  In light of the foregoing, the Court denies Defendant's Rule 12(b)(1)

Motion to Dismiss, and proceeds to consider Defendant's motion for dismissal under

Rule 12(b)(6).

### B.    Rule 12(b)(6) Motion to Dismiss

#### 1.    Standard

To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim,

Plaintiff's Complaint need only include "a short and plain statement of the claim showing

that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "'[D]etailed factual

allegations' are not required." Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949 (2009)

(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  However, the

complaint must allege "sufficient factual matter, accepted as true, to 'state a claim that is

plausible on its face.'"  Id. at 1949 (quoting Twombly, 550 U.S. at 570).  "A claim has

facial plausibility when the pleaded factual content allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged."  Id. at 1949

(citing <u>Twombly</u>, 550 U.S. at 556).  A court should not accept "threadbare recitals of a cause of action's elements, supported by mere conclusory statements," which "do not permit the court to infer more than the mere possibility of misconduct." <u>Id.</u> at 1949-50.

In this case, Defendant not only makes a <u>Twombly</u> argument, but also contends that dismissal is proper because (1) Plaintiff was an independent contractor, not an employee of Defendant, (2) if Plaintiff were indeed an employee, he would qualify for the FLSA executive exemption, and (3) the evidence demonstrates that Plaintiff was paid all amounts owed, in excess of the minimum wage.  In support, Defendant has submitted several affidavits and other documents, and Plaintiff has responded with a declaration of his own.  The Court must first consider whether to accept this additional evidence before turning to the substance of the dispute.

### 2.      Analysis

#### a.      Affidavits and Exhibits

As the Fifth Circuit has explained, "[w]hen matters outside the pleadings are presented with a motion to dismiss under Rule 12(b)(6), a district court has **complete discretion to accept or exclude the evidence**."  <u>Gen. Retail Servs., Inc. v. Wireless Toyz Franchise, LLC</u>, 255 Fed. Appx. 775, 783 (5th Cir. 2007) (emphasis added) (citing <u>Isquith v. Middle S. Utils., Inc.</u>, 847 F.2d 186, 193 (5th Cir. 1988)).[1]  When a court is presented with additional documents in the context of a Rule 12(b)(6) motion, the court may "ignore the copies of the documents, treat the motions as motions to dismiss, and

---

[1] This is true, with one important exception. In <u>Collins v. Morgan Stanley Dean Witter</u>, 224 F.3d 496, 498-99 (5th Cir. 2000), the Fifth Circuit approved the district court's consideration of documents the defendant attached to a motion to dismiss. The Fifth Circuit made it clear, however, that such consideration is limited "to documents that are referred to in the plaintiff's complaint and are central to the plaintiff's claim." <u>Scanlan v. Tex. A & M Univ.</u>, 343 F.3d 533, 536 (5th Cir. 2003) (citing <u>Collins</u>, 224 F.3d at 498-99).  The documents attached here (particularly the affidavits) are not "referred to" in Plaintiff's complaint, and cannot be considered under this exception.

evaluate the allegations in the complaint according to the standards developed for motions; this choice was available because Rule 12(b) gives a district court complete discretion to determine whether or not to accept any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion. . . . When the extra-pleaded material is comprehensive and will enable a rational determination of a summary judgment motion, the court is likely to accept it, when it is scanty, incomplete, or inconclusive, the court probably will reject it."  Isquith, 847 F.2d at 193 n.3.   However, "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and **not excluded by the court**, the motion must be treated as one for summary judgment under Rule 56.  All parties must be given a reasonable opportunity to present all the material that is pertinent to this motion."  Fed. R. Civ. P. 12(d) (emphasis added); see Dillon v. Rogers, 596 F.3d 260, 271 (5th Cir. 2010); Clemens v. McNamee, 608 F. Supp. 2d 811, 822 (S.D. Tex. 2009) ("Since both sides have presented extrinsic evidence to support their position, the Court will exercise its discretion, pursuant to Fed. R. Civ. P. 12(d)(2), to convert McNamee's pleading from a Rule 12(b)(6) motion to a Rule 56 motion.").

Here, Defendant has submitted several exhibits with its Motion to Dismiss, namely Affidavits from the President and C.E.O of Coastal Offshore Martin Kroesche and two other employees, copies of certain e-mails, a check stub, and a copy of a stop payment order.  (D.E. 11-1 – 11-8.)   The Affidavits generally describe Plaintiff's role at Coastal Offshore, his responsibilities, hours, and other administrative aspects of his employment relationship.  Plaintiff has responded with his own declaration, telling a very different story.  (D.E. 12-1.)  Plaintiff has also objected to the affidavits based upon the fact that each is qualified with the statement, "[t]o the best of my ability, the statements

contained herein are true and correct," which he argues is "vague and ambiguous," and may render the statements inadmissible.  (D.E. 12 at 4-6.)  Plaintiff also objects that the affidavits are "riddled with inadmissible hearsay and speculation."  (D.E. 12 at 6-7.)

The Court, exercising its discretion, will not consider the additional evidence submitted with Defendant's Motion to Dismiss.  As Plaintiff notes, the affidavits contain certain flaws, which renders them of limited utility. Defendant's other evidence, amounting to a pay stub, a stop payment order, and certain emails, also are only of limited value in resolving the serious factual disputes between the parties.  See, e.g., Isquith, 847 F.2d at 193 n.3 ("When the extra-pleaded material is comprehensive and will enable a rational determination of a summary judgment motion, the court is likely to accept it, when it is scanty, incomplete, or inconclusive, the court probably will reject it."); Gen. Retail Servs., 255 Fed. Appx. at 786 n.8 ("[A]lthough fully empowered to do as they see fit, the best path [for district courts] when presented with outside materials of limited nature is to exclude them [on a Rule 12(b)(6) motion to dismiss].").  As this lawsuit was filed only approximately three months ago, and depends upon the resolution of disputed facts, the Court concludes that it is premature to accept this limited evidence and convert Defendant's Rule 12(b)(6) motion into a Rule 56 motion for summary judgment.  The Court will therefore "ignore the copies of the documents, treat the motions as motions to dismiss, and evaluate the allegations in the complaint according to the standards developed for motions."  Isquith, 847 F.2d at 193 n.3.

### b.   Independent Contractor Status, Executive Exemption, Minimum Wage

In light of the Court's decision not to consider evidence submitted with the Motion to Dismiss, the Court can quickly reject Defendant's arguments for dismissal

based upon (1) Plaintiff's independent contractor status, (2) Plaintiff's exempt status under the executive (managerial) exemption, and (3) whether Plaintiff's monthly payments exceed the minimum wage.   These arguments all rely upon factual determinations, and are therefore more appropriate for resolution on summary judgment, after sufficient time for depositions of key witnesses and other discovery.  For example, an individual's status as an "employee" as opposed to an "independent contractor" for purposes of the FLSA depends upon five non-exhaustive factors, namely: "(1) the degree of control exercised by the alleged employer; (2) the extent of the relative investments of the worker and the alleged employer; (3) the degree to which the worker's opportunity for profit or loss is determined by the alleged employer; (4) the skill and initiative required in performing the job; and (5) the permanency of the relationship."  Hopkins v. Cornerstone America, 545 F.3d 338, 343 (5th Cir. 2008).  The parties hotly contest the application of these factors.   (Compare D.E. 11 at 13-16 with D.E. 12 at 15-16.) Similarly, the executive exemption to the FLSA requires a detailed factual determination, involving considerations such as whether the "primary duty [of the employee] is management of the enterprise," or whether he plays a role in hiring and firing decisions. See 29 C.F.R. § 541.100(a).  Lastly, whether or not Plaintiff's pay exceeds the required minimum wages depends on the number of hours he actually worked, as well as other considerations, such as whether in fact Plaintiff was paid any of the wages at issue.

Without a sufficiently developed factual record at this stage of the proceedings, the Court must deny Defendant's motion to dismiss on the bases detailed above.   The Court next briefly considers Defendant's Twombly argument.

c.     <u>**Twombly**</u> **Pleading Standard**

Defendant argues only that "Plaintiff has failed to meet the pleading requirements of <u>Twombly</u>," (D.E. 11 at 7) without explaining in detail why or how Plaintiff's complaint is deficient.  As explained above, <u>Twombly</u> requires that a complaint allege "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" <u>Iqbal</u>, 129 S.Ct. at 1949 (quoting <u>Twombly</u>, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  <u>Id.</u> at 1949 (citing <u>Twombly</u>, 550 U.S. at 556).

Although Plaintiff's complaint is short, he clearly states the essential elements of his cause of action, namely that he was employed by Defendant and that Defendant failed to pay him certain wages owed at the time of his discharge, in violation of the FLSA, 29 U.S.C. § 207.  (D.E. 1.)  This clearly alleges "sufficient factual matter . . . to state a claim that is plausible on its face."  <u>Iqbal</u>, 129 S. Ct. at 1949.  No more is required.  The Court concludes that Plaintiff has satisfied the pleading requirements, and therefore Defendant's request for dismissal pursuant to Rule 12(b)(6) must be denied.

## III.     Conclusion

For the reasons stated above, Defendant's Motion to Dismiss is DENIED.  (D.E. 11.)

SIGNED and ORDERED this 16th day of June, 2011.

_____
Janis Graham Jack
Senior United States District Judge